IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00202-RJC
(3:10-cr-00225-RJC-1)

| | |
|---|---|
| MARK ANTHONY BOWENS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's Motion to Vacate, Set Aside or Correct Sentence which he filed through counsel pursuant to 28 U.S.C. § 2255, and the Government's Response in support of collateral relief. For the reasons that follow, Petitioner's sentence will be vacated.

I. BACKGROUND

On November 18, 2010, Petitioner was charged in a superseding bill of indictment with one count of being a felon-in-possession of a firearm, in violation 18 U.S.C. §§ 922(g). On March 31, 2011, Petitioner pleaded guilty to the § 922(g) charge without a plea agreement. In Petitioner's presentence report (PSR), the probation officer found that Petitioner qualified as an armed career criminal pursuant to 18 U.S.C. § 924(e) (ACCA), based on at least three prior convictions for either a violent felony or a serious drug offense or both. (3:10-cr-00225, Doc. No. 26: PSR ¶ 19). The probation officer noted the minimum term Petitioner faced if he was found to be an armed career criminal was 15-years' imprisonment and he faced a maximum term of life. Petitioner's Guidelines range was calculated at 188 to 235 months based on a criminal

1

history category of VI and a total offense level of 31. (Id. ¶¶ 72-73).

Prior to sentencing, the Government moved for an upward departure from the Guidelines range pursuant to U.S. Sentencing Guidelines Manual (USSG) § 5K2.0(a)(1)(A) (2011) and 18 U.S.C. § 3553, based on the serious circumstances that led to Petitioner's § 922(g) charge. The offense conduct detailed in the PSR, to which the parties stipulated at sentencing, tended to show that on January 17, 2010, Petitioner returned to a bar with his cousin, Rodney Bowens, after being ousted by the owner, Roosevelt Hinton. Petitioner had a shotgun in one hand and a revolver in the other, and Rodney carried a handgun. A bouncer at the bar, William Boyd, confronted Petitioner and Rodney and a struggle ensued and Boyd was eventually able to push them outside of the bar. Rodney then aimed his gun at the back of Boyd's head and threatened to kill him and Petitioner pointed a gun at Boyd's stomach. Although Petitioner shot Boyd in the leg, Boyd was able to knock the shotgun from Petitioner's grasp. Petitioner then turned his other gun on Hinton, who had just grabbed his own gun and Hinton shot Petitioner in the stomach and in the head which resulted in Petitioner losing his right eye. Boyd's gunshot wound left him out of work for several months and caused an otherwise devastating impact on his life. (Id. ¶¶ 4-5; Doc. No. 28: Government's Motion for Upward Departure or Upward Variance).

On August 28, 2012, Petitioner appeared with counsel for his sentencing hearing. The parties stipulated that the probation officer's calculation of the Guidelines range was correct, and Petitioner asked that a sentence be imposed that was within that range. The Government moved the Court to grant the upward departure motion and increase his offense level to 35 and impose a sentence of 300 months. In moving for the increased sentence, the Government reviewed the offense conduct to which the parties had stipulated and also highlighted Petitioner's extensive

criminal history that included convictions for violent crime and several drug offenses. After considering the Guidelines and the § 3553(a) factors, the Court found that an upward departure was warranted and Petitioner was sentenced to a term of 264-months' imprisonment and this judgment was affirmed on appeal. (Id., Doc. No. 32: Judgment). See United States v. Bowens, 527 F. App'x 256 (4th Cir. 2013) (unpublished).

II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

In this collateral proceeding, Petitioner argues that he is entitled to relief from his sentence because he no longer qualifies as an armed career criminal based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the ACCA was void for vagueness and therefore unconstitutional.[1] Petitioner also cites the Fourth Circuit's decision in United States v. Newbold, 791 F.3d 455 (4th Cir. 2015).

Under the ACCA, a defendant that is convicted of a § 922(g) offense faces a sentence of no less than 15 years nor more than life imprisonment if he has three qualifying convictions for

---

[1] In Welch v. United States, the Supreme Court held that the holding in Johnson applies retroactively to cases on collateral review. 136 S. Ct. 1257 (2016).

3

either a "violent felony" or a "serious drug offense." Id. § 924(e)(1). The ACCA defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year ... that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*"

18 U.S.C. § 924(e)(2)(B)(i)(ii). See Johnson, 135 S. Ct. at 2556 ("The closing words of this definition, italicized above, have come to be known as the Act's residual clause."). The ACCA defines a "serious drug offense" as an offense that carries a maximum term of ten years or more in prison under state or federal law. Id. § 924(e)(2)(A)(ii)

The Government concedes that Petitioner is entitled to relief, but not based on the opinion rendered by the Johnson Court. Rather, the Government argues that Petitioner's claim under Newbold has merit and that he is entitled to relief based on the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). (3:16-cv-00202, Doc. No. 3: Government's Response).[2]

The PSR identified the following North Carolina drug convictions: (1) a 1991 conviction and a 1992 conviction for the sale or delivery of cocaine for which Petitioner received 3-year terms of imprisonment; and (2) two 2004 convictions for the possession with intent to sell or deliver cocaine. Petitioner received a term of 15-18 months on the first conviction (March 4, 2004), and 18-22 months on the second (December 7, 2004). (PSR ¶¶ 28-29, 36-37).

---

[2] In Newbold, the Court applied its en banc holding in United States v. Simmons, in which the Court held that in order to determine the maximum sentence that a defendant faces under North Carolina law, the sentencing court must examine the record of the particular defendant before the court and not a hypothetical defendant with the worst possible criminal record. In Miller v. United States, the Fourth Circuit held that the Simmons holding was retroactive to cases on collateral review. 735 F.3d 141, 147 (4th Cir. 2013).

Petitioner was sentenced for his 1991 and 1992 drug convictions under the provisions of the North Carolina's Fair Sentencing Act (FSA), and under the FSA the convictions carried presumptive terms of 3-years in prison and maximum terms of 10-years in prison.[3] In order to impose the maximum term of imprisonment, the state court was required to find aggravating factors to justify the ten-year term. See Newbold, 791 F.3d at 461 (explaining sentencing under the FSA).

In the present case, the Government notes that the holding in Newbold, among other authority, demonstrates that Petitioner's 1991 and 1992 convictions no longer qualify as serious drug offenses under the ACCA because the State court judgments reflect that the sentencing court made no aggravating findings, thus there is no indication in the record that Petitioner faced a maximum term of ten years or more in prison. (3:16-cv-00202, Doc. No. 3: Government's Response at 5; Doc. No. 1 at 14-17: State Judgments). The Government also notes that there is no evidence that Petitioner's 2004 drug trafficking convictions subjected him to ten years or more in prison. (Id. at 5).

Based on the foregoing, the Court finds that Petitioner no longer has three qualifying convictions to support his designation as an armed career criminal and his judgment will therefore be vacated.[4]

IV.   CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate his sentence is **GRANTED**. (Doc. No. 1).

2. Petitioner shall remain in the custody of the Federal Bureau of Prisons pending his resentencing hearing.

---

[3] The North Carolina General Assembly repealed the FSA effective October 1, 1994, and replaced it with the Structured Sentencing Act. See Newbold, 791 F.3d at 461.

[4] The PSR also identified a North Carolina conviction for second degree murder for which Petitioner was sentenced to a term of 18-years in prison.

3. The U.S. Probation Office shall prepare a Supplemental Presentence Report and file the same in the criminal case.

4. The Federal Defenders of Western North Carolina shall represent Petitioner for the purpose of the resentencing hearing.

5. The parties may file sentencing memoranda no later than ten (10) days prior to the resentencing hearing.

6. The Clerk is respectfully directed to certify s copy of this Order to the U.S. Probation Office.

The Clerk is directed to close this civil case.

**SO ORDERED**.

Signed: July 26, 2016

Robert J. Conrad, Jr.
United States District Judge